| B104 (Rev. 2/92) | **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | ADVERSARY PROCEEDING (Court Use Only) |
|---|---|---|

| **PLAINTIFFS** Veronica Knepp 607 Grand St. #3L Hoboken NJ 07030 | **DEFENDANTS** Educational Financial Services, A Division of Wells Fargo Bank, N.A. P.O. Box 5185 Sioux Falls, SD 57117-5185 |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) n/a |

**PARTY** (Check one box only)  ☐ 1 U.S. PLAINTIFF  ☐ 2 U.S. DEFENDANT  ☐ 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Declaratory relief under section 523(a)(8) and discharge violations under section 524.

**NATURE OF SUIT**
(Check the one most appropriate box only.)

☐ 454 To Recover Money or Property
☐ 435 To Determine Validity, Priority, Extent of a Lien or Other Interest in Property
☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property
☐ 424 To object or to revoke a discharge 11 U.S.C. § 727

☐ 455 To revoke an order of confirmation of a Chap. 11, Chap. 12, or Chap. 13 Plan
☑ 426 To determine the dischargeability of a debt 11 U.S.C. § 523
☐ 434 To obtain an injunction or other equitable relief
☐ 457 To subordinate any allowed claim or interest except where such subordination is provided in a plan

☐ 456 To obtain a declaratory judgment relating to any of the foregoing causes of action
☐ 459 To determine a claim or cause of action removed to a bankruptcy court
☐ 498 Other (specify)

**ORIGIN OF PROCEEDINGS** (Check one box only.)  ☑ 1 Original Proceeding  ☐ 2 Removed Proceeding  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from Another Bankruptcy Court  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

| DEMAND | NEAREST THOUSAND | OTHER RELIEF SOUGHT | ☐ JURY DEMAND |
|---|---|---|---|

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR Veronica Knepp | BANKRUPTCY CASE NO. 11-02269 | |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

**FILING FEE** (Check one box only.)  ☐ FEE ATTACHED  ☑ FEE NOT REQUIRED  ☐ FEE IS DEFERRED

| DATE | PRINT NAME | SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|---|---|

B 104 Reverse
(Rev. 2/92)

## ADVERSARY PROCEEDING COVER SHEET (Reverse Side)

This cover sheet must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney) and submitted to the clerk of the court upon the filing of a complaint initiating an adversary proceeding.

The cover sheet and the information contained on it *do not* replace or supplement the filing and service of pleadings or other papers as required by law, the Federal Rules of Bankruptcy Procedure, or the local rules of court. This form is required for the use of the clerk of the court to initiate the docket sheet and to prepare necessary indices and statistical records. A separate cover sheet must be submitted to the clerk of the court for each complaint filed. The form is largely self-explanatory.

**Parties.** The names of the parties to the adversary proceeding *exactly* as they appear on the complaint. Give the names and addresses of the attorneys if known. Following the heading "Party," check the appropriate box indicating whether the United States is a party named in the complaint.

**Cause of Action.** Give a brief description of the cause of action including all federal statutes involved. For example, "Complaint seeking damages for failure to disclose information, Consumer Credit Protection Act, 15 U.S.C. § 1601 et seq.," or "Complaint by trustee to avoid a transfer of property by the debtor, 11 U.S.C. § 544."

**Nature of Suit.** Place an "X" in the appropriate box. Only one box should be checked. If the cause fits more than one category of suit, select the most definitive.

**Origin of Proceedings.** Check the appropriate box to indicate the origin of the case:

1. Original Proceeding.
2. Removed from a State or District Court.
4. Reinstated or Reopened.
5. Transferred from Another Bankruptcy Court.

**Demand.** On the next line, state the dollar amount demanded in the complaint in thousands of dollars. For $1,000 enter "1," for $10,000 enter "10," for $100,000 enter "100," if $1,000,000, enter "1000." If $10,000,000 or more, enter "9999." If the amount is less than $1,000, enter "0001." If no monetary demand is made, enter "XXXX." If the plaintiff is seeking non-monetary relief, state the relief sought, such as injunction or foreclosure of a mortgage.

**Bankruptcy Case in Which This Adversary Proceeding Arises.** Enter the name of the debtor and the docket number of the bankruptcy case from which the proceeding now being filed arose. Beneath, enter the district and divisional office where the case was filed, and the name of the presiding judge.

**Related Adversary Proceedings.** State the names of the parties and the six digit adversary proceeding number from any adversary proceeding concerning the same two parties or the same property currently pending in any bankruptcy court. On the next line, enter the district where the related case is pending, and the name of the presiding judge.

**Filing Fee.** Check one box. The fee must be paid upon filing unless the plaintiff meets one of the following exceptions. The fee is not required if the plaintiff is the United States government or the debtor. If the plaintiff is the trustee or a debtor in possession, and there are no liquid funds in the estate, the filing fee may be deferred until there are funds in the estate. (In the event no funds are ever recovered for the estate, there will be no fee.) There is no fee for adding a party after the adversary proceeding has been commenced.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the right of the last line of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is *pro se*, that is, not represented by an attorney, the plaintiff must sign.

The name of the signatory must be printed in the box to the left of the signature. The date of the signing must be indicated in the box on the far left of the last line.

**WILK AUSLANDER LLP**
1515 Broadway, 43rd Floor
New York, New York 10036
Telephone: (212) 981-2300
Hillary A. Jury, Esq.
hjury@wilkauslander.com

*Counsel for Veronica Knepp*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Case No. 11-02269 |
| VERONICA KNEPP, | Chapter 7 |
| Debtor. | |
| VERONICA KNEPP, | Adv. Pro. No. |
| Plaintiff, | |
| v. | |
| EDUCATIONAL FINANCIAL SERVICES, A DIVISION OF WELLS FARGO BANK, N.A., | |
| Defendant. | |

### PLAINTIFF'S COMPLAINT

Plaintiff VERONICA KNEPP ("Knepp" or "Plaintiff"), by and through undersigned counsel, hereby files this complaint against Defendant Educational Financial Services, a Division of Wells Fargo Bank, N.A. ("EFS"), upon personal knowledge as to

1334302v.1
01042903.1

those matters within her personal knowledge, and upon information and belief as to all other matters, as follows:

## I.
## **PRELIMINARY STATEMENT**

Not all loans made to students are non-dischargeable student loans, protected from discharge by the Bankruptcy Code, including the educational loan at issue in this action. In fact, only three types of educational loans are excepted from statutory discharge under 11 U.S.C. § 523(a)(8): (1) federal student loans or loans made directly by nonprofit schools; (2) conditional educational grants; and (3) qualified education loans made by private lenders ("Qualified Education Loans"). This action involves a private loan made by Educational Financial Services, a Division of Wells Fargo, N.A. ("Defendant") that Defendant claims falls within the third exemption from discharge, which is codified in 11 U.S.C. §523(a)(8)(B). Defendant, with full knowledge of the scope and application of section 523(a)(8), has exploited the statutory framework protecting Qualified Education Loans from discharge in bankruptcy in an attempt to deny bankruptcy relief to borrowers with dischargeable consumer debt. The loan at issue in this action was discharged, and the Plaintiff is entitled to her fresh start.

Specifically, Defendant originated and serviced dischargeable consumer loans taken in excess of the "Cost of Attendance" at qualified institutions recognized by the Department of Education under Title IV of the Higher Education Act, the Internal Revenue Code, and the Bankruptcy Code. Because those loans were made for amounts in excess of the published Cost of Attendance at those schools, they were not Qualified Education Loans under the Bankruptcy Code. Such loans have no protection under

1334302v.1
01042903.1

section 523(a)(8) and are thus automatically discharged upon entry of the statutory injunction effected by a Bankruptcy Court's discharge order ("Discharge Order").

As described below, Plaintiff obtained a direct to consumer ("DTC") loan from Defendant that was in excess of the Cost of Attendance for her school. That loan was a dischargeable debt, no different from any other type of consumer debt. However, after Plaintiff finished her bankruptcy action and obtained a Discharge Order, Defendant nonetheless knowingly sought to collect on the loan in violation of the statutory injunction. Plaintiff brings this action to enforce her right to a fresh start pursuant to the Bankruptcy Code.

## II.
## PARTIES

1. VERONICA KNEPP is an individual and a resident of this district who filed for relief under Title 11 in 2011, and received a Discharge Order in November 2011.

2. EDUCATIONAL FINANCIAL SERVICES, A DIVISION OF WELLS FARGO BANK, N.A. is a business entity that in the ordinary course of business regularly, on behalf of itself or others, has engaged in, and/or currently engages in the origination, servicing, and collection of consumer debt.

## III.
## JURISDICTION AND VENUE

3. This Adversary Proceeding is brought under Case Number 11-02269, originally filed in the United States Bankruptcy Court for the District of Hawaii.

4. This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C § 157(b) and 1332. This is a core proceeding under Title 11 because it concerns a determination as to the dischargeability of a debt.

1334302v.1
01042903.1

5.    This Adversary Proceeding is brought pursuant to 11 U.S.C § 523(a)(8), 11 U.S.C. § 524, 11 U.S.C § 105 and Federal Rules of Bankruptcy Procedure Rule 7001(9).

6.    Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1409 because Knepp resides in this district, and some of the conduct complained about occurred in this district.

## IV.

## STATEMENT OF FACTS

**A.**    **The Distinction Between Non-Dischargeable And Dischargeable Educational Debt**

7.    Section 523(a)(8)(B) of the Bankruptcy Code provides only limited protection from discharge. A loan is exempt from discharge under Section 523(a)(8)(B) only if it is a Qualified Education Loan. That term is defined in section 221(d)(1) of the Internal Revenue Code as indebtedness incurred <u>solely</u> to pay for qualified higher education expenses.

8.    Qualified higher education expenses are in turn defined in section 221(d)(1) as expenses incurred to cover the Cost of Attendance at a Title IV eligible institution.

9.    A Title IV eligible institution is one recognized by the Department of Education under Title IV of the Higher Education Act.

10.    Cost of Attendance is term of art found in section 472 of the Higher Education Act at 20 U.S.C. § 1087*ll*. Cost of Attendance includes items such as tuition, fees, room, board, books, and living expenses. The Cost of Attendance is determined by the eligible Title IV institution, reported to the Department of Education, and published

both on the school's website and on the Integrated Postsecondary Education Data System website.

11. Thus, to be protected from discharge under section 523(a)(8)(B) as a Qualified Education Loan, a loan must be made for expenses within the Cost of Attendance at a Title IV school.

12. Consumer loans made to persons to cover expenses at non-eligible institutions and expenses in excess of the Cost of Attendance are not Qualified Education Loans under the Bankruptcy Code and remain dischargeable under the Bankruptcy Code.

13. The creditor has the burden of determining whether a loan is dischargeable under the Bankruptcy Code.

14. Defendant is and was fully aware that loans of the type at issue in this action were potentially dischargeable. For example, in connection with Navient Student Loan Trust 2015-1, EFS's affiliate Wells Fargo Securities served as underwriter and lead manager, EFS's affiliate Wells Fargo Bank, N.A. served as indenture trustee and eligible lender trustee, and EFS's affiliate Wells Fargo Delaware Trust Company, N.A. served as owner trustee. The Prospectus for that securitization stated:

> ***Risk of Bankruptcy Discharge of Private Credit Student Loans***: Currently, private education loans <u>made for qualified education expenses</u> are generally not dischargeable by a borrower in bankruptcy . . . direct-to-consumer loans are disbursed directly to the borrowers based upon certifications and warranties contained in their promissory notes, including their certification of the borrower's cost of attendance. This process does not involve school enrollment verification as an additional criteria and, therefore, may be subject to some additional risk that <u>the loans were not used for qualified education expenses and thus could become dischargeable in a bankruptcy proceeding.</u> If you own any notes in a related issuing entity, you will bear any risk of loss resulting from the discharge of any borrower of a private education loan to the extent the amount of the default is not covered by the issuing entity's credit enhancement.")

*See* Navient Loan Trust 2015-1 Prospectus, dated February 12, 2015, at 26 (underlined emphasis added).[1]

15. Upon information and belief, Wells Fargo Securities, EFS's affiliate, sold notes using the Navient Loan Trust 2015-1 Prospectus, thereby acknowledging that Wells Fargo Securities did not believe that Prospectus contained any material misstatements, including that Prospectus's description of the risk of bankruptcy discharge of Consumer Education Loans that are not used for Qualified Education Expenses, such as the Plaintiff's loan.

B.   **Plaintiff's Background and Procedural History**

16. Plaintiff attended the Title IV-qualified University of Hawaii as a part-time student from 2004-2005.

17. The Cost of Attendance for tuition and related expenses described above at the University of Hawaii for a part-time student in 2004-2005 was $15,685. (*See* **Exhibit A**).

18. In May 2004, Plaintiff borrowed $14,125 in federal student loans. (*See* **Exhibit A**).

19. Plaintiff also borrowed an additional $15,000 in a DTC loan from Defendant in April 2005 (the "Wells Fargo Loan").

20. The Wells Fargo Loan was made outside the financial aid office and thus was not subject to school certification. (*See* **Exhibit B**).

---

[1] *See Loreley Financing No. 3 Ltd. v. Wells Fargo Securities, LLC,* 797 F.3d 160, 172 (2nd Cir. 2015) (stating that affiliated entities are liable for common law fraud for statements made in an offering memorandum even where they were involved in the securitization but are not the issuer).

21. The Wells Fargo Loan was not made <u>solely</u> for the Cost of Attendance and accordingly was not a Qualified Education Loan as that term is defined in 11 U.S.C. § 523(a)(8)(B).

22. Furthermore, the Wells Fargo Loan was marketed and distributed as a "Direct-to-Consumer" loan based on Plaintiff's credit rating and income, and thus does not qualify as an "educational loan" at all under section 523(a)(8).

23. On August 9, 2011, Plaintiff sought relief under Title 11 in the United States Bankruptcy Court for the District of Hawaii (the "Hawaiian Court") in Case No. 11-02269 (RJF), *In re Veronica Knepp*.

24. Plaintiff properly scheduled the Wells Fargo Loan on Schedule F of her Bankruptcy Petition.

25. On November 23, 2011, the Hawaiian Court ordered discharge of all Plaintiff's pre-petition debt.

26. Defendant was duly notified of that discharge and the concomitant statutory injunction against collecting on the discharged Wells Fargo Loan.

27. Despite its legal burden, Defendant did not file an adversary proceeding to contest the dischargeability of the Wells Fargo Loan.

28. Instead of charging off the Wells Fargo Loan as discharged, or seeking clarification about the dischargeability status of the loan, Defendant demanded payments on this discharged debt in violation of the statutory injunction effected by the Hawaiian Court's Discharge Order and the Bankruptcy Code.

29. For example, on November 24, 2017, Defendant demanded payment by Plaintiff of $166.36 on the Wells Fargo Loan.

30. In addition, on or about April 25, 2018, Knepp's attorney Austin Smith informed EFS by letter that the Wells Fargo Loan was discharged, and that they must cease collection efforts on the debt, including negative reporting to the major credit bureaus.

31. EFS responded to Mr. Smith's letter on or about May 1, 2018, and stated that the credit reporting was accurate. EFS then reported the Wells Fargo Loan as in default to the major credit bureaus.

32. Defendant's abusive, deceptive and harassing collection efforts after the Plaintiff's bankruptcy discharge were made knowingly and willfully in violation of the statutory injunction effected by the Hawaiian Court's Discharge Order.

## VI.

## CLAIMS FOR RELIEF

**Count One: Declaratory Judgment**

33. Plaintiff hereby incorporates the allegations in the preceding paragraphs as if fully set forth herein.

34. Plaintiff requests declaratory judgment pursuant to 28 U.S.C. § 2201 and Federal Rule of Bankruptcy Procedure 7001(9) that Plaintiff's Wells Fargo Loan was not a Qualified Education Loan under section 523(a)(8), and therefore not a non-dischargeable student loan, and was thus discharged upon entry of the statutory injunction effected by the Hawaiian Court's Discharge Order.

**Count Two: Contempt Finding for Violations Of The Discharge Order**

35. Plaintiff hereby incorporates the allegations in the preceding paragraphs as if fully set forth herein.

36. The Wells Fargo Loan was discharged pursuant to the statutory injunction effected by the Discharge Order entered by the Hawaiian Court because it was an

unsecured consumer loan and not a non-dischargeable student loan under section 523(a)(8).

37. Defendant was notified of the statutory injunction effected by the Discharge Order pursuant to Federal Rule of Bankruptcy Procedure 4004(g).

38. Defendant nonetheless took acts to collect on the Wells Fargo Loan, either directly or indirectly, by use of dunning letters, emails, text messages, and telephone calls demanding repayment. In addition, in an attempt to compel payment on this discharged debt, Defendant has continued to submit negative reports to the major credit bureaus, and has failed to update these credit reports.

39. Plaintiff requests that Defendant be cited for contempt and ordered to pay damages in an amount to be determined at trial for the willful violations of the statutory injunctions effected by the Discharge Order pursuant to 11 U.S.C § 105, and also requests an award of attorneys' fees and costs.

40. WHEREFORE, In light of the foregoing, Plaintiff requests that Defendant be cited to appear and judgment be entered against Defendant for:

   a) Declaratory and injunctive relief in the form of a judgment entered to the effect that Plaintiff's Wells Fargo Loan was discharged upon entry of the statutory injunction effected by the Discharge Order;

   b) Injunctive relief prohibiting Defendant from continuing to collect on Plaintiff's discharged debt;

   c) actual damages and monetary sanctions for violations of the statutory injunction effected by the Discharge Order;

   d) restitution and/or disgorgement;

e) attorneys' fees and costs to the fullest extent permitted under the law;

f) pre-petition and post-judgment interest; and

g) other such relief as the Court deems just and proper.

Dated: July 31, 2018

Respectfully submitted,

By: <u>Hilary A. Jury</u>
Hillary A. Jury
SBN (NJ) 24622003
WILK AUSLANDER
1515 Broadway, 43rd Floor
New York, New York 10036
(Tel.): 212.981.2300
(Fax): 212.752.6380
hjury@wilkauslander.com

George F. Carpinello
SBN (NY) 1652684
Adam R. Shaw
SBN (NY) 2587467
Robert C. Tietjen
SBN (NY) 4113700
BOIES SCHILLER FLEXNER LLP
30 South Pearl St., 11th Floor
Albany, New York 12207
(Tel.): 518.434.0600
(Fax): 518.434.0665
gcarpinello@bsfllp.com
ashaw@bsfllp.com
rtietjen@bsfllp.com

Austin Smith
SBN (NY) 5377254
SMITH LAW GROUP
3 Mitchell Place
New York, New York 10017
(Tel.): 917.992.2121
austin@acsmithlawgroup.com

Lynn E. Swanson
SBN (LA) 22650
JONES, SWANSON, HUDDELL & GARRISON, L.L.C.
601 Poydras Street, Suite 2655

New Orleans, Louisiana 70130
(Tel.) 504. 523.2500
(Fax): 504.523.2508
Lswanson@jonesswanson.com

Jason W. Burge
SBN (LA) 30420
Kathryn J. Johnson
SBN (LA) 36513
FISHMAN HAYGOOD L.L.P.
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170-4600
(Tel.): 504.586.5252
(Fax): 504.586.5250
jburge@fishmanhaygood.com
kjohnson@fishmanhaygood.com

Joshua B. Kons
SBN (IL) 6304853
LAW OFFICE OF JOSHUA B. KONS, LLC
939 West North Avenue, Suite 750
Chicago, Illinois 60642
(Tel.): 312.757.2272
joshuakons@konslaw.com

***Attorneys for Plaintiff Veronica Knepp***

# EXHIBIT A

**THE UNIVERSITY of HAWAI'I SYSTEM** LIKE NO PLACE ELSE ON EARTH

# Award Package By Aid Year UH Manoa Aid Year 2004-2005

15537450 Veronica Knepp
Feb 15, 2018 12:49 pm

**General Information** | **Award Overview**

Print

### Need Calculation

| | |
|---|---|
| Cost of Attendance | $15,685.00 |
| Estimated Family Contribution | $8,726.00 |
| Initial Need | $6,959.00 |
| Outside Resource | $.00 |
| Need | $6,959.00 |

### Cost of Attendance

| | |
|---|---|
| Tuition | $3,408.00 |
| Fees | $172.00 |
| Books and Supplies | $1,080.00 |
| Room and Board | $9,326.00 |
| Personal Expenses | $1,189.00 |
| Transportation | $360.00 |
| Loan Fees | $150.00 |
| **Total:** | $15,685.00 |

### Cumulative Loan Information as of 28-JUN-2004

| Loan Type | Amount |
|---|---|
| Subsidized | $18,124.00 |

### Financial Aid Award by Term for the UH Manoa Aid Year 2004-2005

| Fund | Fall 2004 Status | Amount | Spring 2005 Status | Amount | Total |
|---|---|---|---|---|---|
| Subsidized Stafford Loan | Accepted | $1,313.00 | Accepted | $1,312.00 | $2,625.00 |
| Unsubsidized Stafford Loan | Accepted | $2,000.00 | Accepted | $2,000.00 | $4,000.00 |
| External Signature Loan | Accepted | $7,500.00 | | | $7,500.00 |
| **Totals** | | $10,813.00 | | $3,312.00 | $14,125.00 |

If you have questions regarding the above information, please contact the Financial Aid office.

Select Another Aid Year

Release: UH:8.24.0.1:1

© 2018 Ellucian Company L.P. and its affiliates.

# EXHIBIT B

 **STUDENT LOAN**      **$7,573.39**
...3845      Outstanding principal balance

 Make Payment     View Statements    🔔 Manage

 One or more of your loans is past due.



## College debt?

Explore your options

### Payment Information

| | | |
|---|---|---|
| **Total amount due**  Make a payment | | **$555.08** |
| Current monthly payment | | $166.36 |
| Past due amount | | $332.72 |
| Late fees | | $56.00 |
| ⊕ PRIVATE STUDENT LOAN CC0001  In *Repayment - Past Due* due on 02/14/18 | | $555.08 |

Get answers to payment, billing, and fee questions

Set Up Automatic Payments

### Balance Information

**Loan Balance**    Pay off information    **$7,573.39**

⊕ **Tax Information**

*For questions about your Account, call 1-800-658-3567*
*Mon - Fri from 7am - 8pm CST.*

| Activity | Loan Details |

**PRIVATE STUDENT LOAN CC0001**

## Balance Information

| | |
|---|---|
| Outstanding principal balance as of 02/13/18 | $7,573.39 |
| Outstanding accrued interest as of 02/12/18 | $163.14 |
| Interest rate | 8.50% |

## Statement Information

| | |
|---|---|
| Next statement | 02/22/18 |
| Next statement due date | 03/14/18 |
| Estimated monthly payment | $169.62 |

## Loan Information

| | |
|---|---|
| Status | Repayment - Past Due |
| Repayment start date | 01/14/13 |
| Estimated date of final statement | 06/14/22 |
| Disbursement on 04/21/05 | $15,000.00 |

## School Information

| | |
|---|---|
| School | UNIV OF HAWAII-MANOA |
| Left school date | 12/16/05 |

## *Account Disclosures

Deposit products offered by Wells Fargo Bank, N.A. Member FDIC.

🏠 Equal Housing Lender